UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESUS FLORES GALLOSO,

                Plaintiff,           Index No.:

  -against-                        **COMPLAINT**

3821 FOOD CORP. d/b/a SUPER FOODTOWN OF
WASHINGTON HEIGHTS, 3821 BROADWAY, LLC,
3821 BROADWAY CAFÉ, LLC, TASA WHOLLEY
individually and as a member of 3821 BROADWAY
CAFÉ, LLC,

                Defendants.      **JURY TRIAL DEMANDED**
------------------------------------------------------------------X

      Plaintiff JESUS FLORES GALLOSO (hereinafter "Plaintiff"), by and through his attorneys VALLETTI & ASSOCIATES, LLC, hereby allege violations of Federal and State wage and hour laws pertaining to minimum wages, overtime pay, and wage statement requirements, as well as State laws prohibiting disability discrimination, as against 3821 FOOD CORP., d/b/a SUPER FOODTOWN OF WASHINGTON HEIGHTS (hereinafter "SUPER FOODTOWN"), 3821 BROADWAY, LLC (hereinafter "BROADWAY"), 3821 BROADWAY CAFÉ, LLC (hereinafter "CAFÉ"), and TASA WHOLLEY individually and as a member of 3821 BROADWAY CAFÉ, LLC (hereinafter "WHOLLEY"), (hereinafter collectively referred to as "Defendants") as follows:

## INTRODUCTION

      1.      This civil action arises from Defendants' willful actions committed in violation of Plaintiff's rights guaranteed to him by: (i) the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"); (ii) the overtime wage provisions of the FLSA; (iii)

the minimum wage provisions of the New York State Labor Law ("NYLL") §160 and the accompanying New York Codes, Rules and Regulations ("NYCRR") 12 NYCRR §142 *et seq.*; (iv) the overtime wage provisions of the NYLL/NYCRR; (v) the wage statements requirements of NYLL §195(3); (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Defendants committed the aforementioned violations of these statutes by engaging in an intentional, willful and systematic scheme to deny Plaintiff of his rights.

3. Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover (1) back pay, (2) liquidated damages, (3) attorney's fees and costs, and (4) interest.

4. Plaintiff alleges, pursuant to the NYLL, that he is entitled to recover (1) back pay, (2) liquidated damages, (3) attorney's fees and costs, and (4) interest.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

6. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 (a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred.  Venue is also

proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this District.

## PARTIES

8. At all times hereinafter mentioned, Plaintiff was and is a resident of the State of New York, County of Bronx.

9. At all relevant times herein mentioned, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, NYLL and NYSHRL.

10. Plaintiff, as a former employee of Defendants, has been aggrieved by Defendants' willful violations of the FLSA and NYLL.

11. Defendant SUPER FOODTOWN was and is a domestic corporation organized under the laws of the State of New York and operates a place of business at 600 West 160th Street, New York, NY 10032.

12. Defendant SUPER FOODTOWN maintains a DOS Process address c/o MENICUCCI VILLA & ASSOCIATES, PLLC located at 2040 Victory Blvd, Staten Island, New York, 10314

13. Defendant SUPER FOODTOWN is an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

14. Defendant SUPER FOODTOWN is an employer within the meaning of the NYLL/NYCRR.

15. Defendant BROADWAY was and is a limited liability company organized under the laws of the State of New York with offices at 3821 Broadway, New York, NY 10032

16. Defendant BROADWAY operates a place of business at 600 West 160th Street, New York, NY 10032.

17. Defendant BROADWAY maintains a DOS Process address c/o LARSTRAND CORPORATION ATTN: LEDAL DEPARTMENT located at 500 Park Avenue, 11th Floor, New York, NY 10022.

18. Defendant BROADWAY is an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

19. Defendant BROADWAY is an employer within the meaning of the NYLL/NYCRR.

20. Defendant CAFÉ was and is a limited liability company organized under the laws of the State of New York with offices at 3821 Broadway, New York, NY 10032.

21. Defendant CAFÉ operates a place of business at 600 West 160th Street, New York, NY 10032.

22. Defendant CAFÉ maintains a DOS Process address of 3821-39 Broadway, New York, NY 10032.

23. Defendant CAFÉ is an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

24. Defendant CAFÉ is an employer within the meaning of the NYLL/NYCRR.

25. Defendant WHOLLEY was, at all relevant times herein mentioned, an individual and member of Defendant CAFÉ.

26. Defendant WHOLLEY was, at all relevant times herein mentioned, an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

27. Defendant WHOLLEY was, at all relevant times herein mentioned, an employer within the meaning of the NYLL/NYCRR.

28. Upon information and belief, the amount of qualifying annual volume of business for Defendant SUPER FOODTOWN exceeds $500,000 and thus subjects the business to the FLSA's requirements. Additionally, Defendant SUPER FOODTOWN's employees are engaged in interstate commerce; this independently subjects the business to coverage under the FLSA.

29. Upon information and belief, the amount of qualifying annual volume of business for Defendant BROADWAY exceeds $500,000 and thus subjects the business to the FLSA's requirements. Additionally, Defendant BROADWAY's employees are engaged in interstate commerce; this independently subjects the business to coverage under the FLSA.

30. Upon information and belief, the amount of qualifying annual volume of business for Defendant CAFÉ exceeds $500,000 and thus subjects the business to the FLSA's requirements. Additionally, Defendant CAFÉ's employees are engaged in interstate commerce; this independently subjects the business to coverage under the FLSA.

31. Defendants herein operated as joint employers for all relevant periods over Plaintiff.

## STATEMENT OF FACTS

32. Defendants hired Plaintiff in or about September 2017.

33. Plaintiff remained employed with Defendants for 1 year and 4 months (approximately 71 weeks).

34. Plaintiff worked at the location 600 West 160th Street, New York, NY 10032, which is a Super Foodtown, for the entirety of his employment.

35. From September 2017 through and including January 2019, Plaintiff worked approximately 63 hours per week.

36. Plaintiff's regular hourly pay rate for this period was $13 per hour.

37. Plaintiff's overtime pay rate would then be $19.50 for hours worked in excess of 40 in a given workweek.

38. Plaintiff began his shift at 9 am and worked until 8 or 9 pm regularly.

39. Plaintiff worked in the deli area of the Super Foodtown.

40. Plaintiff received part of his pay in cash and part of his pay on a check.

41. Plaintiff received only 30 hours of all total hours worked in a week on his checks, the rest of his pay was in cash.

42. Plaintiff received the cash portion of his pay in an envelope from a woman named "Gloria."

43. Plaintiff complained to Gloria on several occasions that some of his pay was missing; Gloria would blame the individuals in charge of payroll for Defendants but did not correct the missing pay.

44. To receive his pay, Plaintiff had to sign a piece of paper.

45. Plaintiff received $350 of his pay on his check and $400 in cash, totally $750.

46. Plaintiff was entitled to receive $968.50 per week based on 40 hours regular time at a rate of $13 per hour and 23 hours overtime at $19.50 per hour.

47. Plaintiff's backpay damages for each week worked is $218.50 per week exclusive of liquidated damages and interest.

48. Defendants did not pay Plaintiff a rate of 1.5 times his regular hourly rate for hours worked in excess of 40 in a given week, violating the FLSA, the New York Labor law and accompanying New York Code of Rules and Regulations requiring said compensation.

49. Defendants intentionally deprived Plaintiff of his overtime pay for the entirety of his employment.

50. Plaintiff's regular shift was more than 10 hours; at all relevant times, Plaintiff was entitled to spread of hours pay for each day he worked longer than 10 hours.

51. Defendants intentionally failed to pay Plaintiff spread of hours pay for the entirely of his employment.

52. Defendants never provided Plaintiff with a wage notice as defined and required by New York Labor Law.

53. Defendants never provided Plaintiff with a wage statement as defined and required by New York Labor Law.

54. As a results of Defendant's intentional conduct herein described, Plaintiff suffered financial harm.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT (Overtime)

55. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

56. The conduct alleged herein violates the FLSA as Defendants failed to compensate Plaintiff in accordance with the Federal statutorily required overtime rate of pay per hour worked.

57. Defendants' conduct was willful and lasted for the duration of the relevant time periods.

58. Plaintiff sustained damages as a result of Defendants' conduct.

59. Plaintiff seeks injunctive relief as a result of Defendants' conduct.

60. Plaintiff's request for further relief are set forth below.

## COUNT II

## VIOLATION OF THE NEW YORK STATE LABOR LAW (Overtime)

61. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

62. The conduct alleged herein violates the NYLL and accompanying NYCRR 12 NYCRR §142-2.2 as Defendants failed to compensate Plaintiff in accordance with the required overtime rate of pay per hour worked.

63. Defendants' conduct was willful and lasted for the duration of the relevant time periods.

64. Plaintiff sustained damages as a result of Defendants' conduct.

65. Plaintiff seeks injunctive relief as a result of Defendants' conduct.

66. Plaintiff's request for further relief are set forth below.

## COUNT III

## VIOLATION OF THE NEW YORK STATE LABOR LAW (Wage Theft Prevention Act)

67. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

68. The conduct alleged herein violates the New York State Labor Law as Defendants failed to provide Plaintiff with notice of Plaintiff's employment, rate of pay, regular day pay, the unit of measure for Plaintiff's pay, deductions, allowances and net wages.

69. The conduct alleged herein violates the NYLL §195 as Defendants failed to provide Plaintiff with wage notices and wage statements related to Plaintiff's employment.

70. Defendants' conduct was willful and lasted for the duration of the relevant time periods.

71. Plaintiff sustained damages as a result of Defendants' conduct.

72. Plaintiff seeks injunctive relief as a result of Defendants' conduct.

73. Plaintiff's request for further relief are set forth below.

## COUNT IV

## VIOLATION OF THE NEW YORK STATE LABOR LAW (Spread of Hours)

74. Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

75. Defendants required Plaintiff to work in excess of ten (10) hours per day on a regular basis without receiving "spread of hours" compensation.

76. Plaintiff was not paid the statutorily required "spread of hours" pay which would have required an additional hour of pay for each day Plaintiff worked.

77. Defendants' conduct was willful and lasted for the duration of the relevant time periods.

78. Defendants' conduct was in violation of the NYLL and the accompanying NYCRR 12 NYCRR § 142-2.4.

## JURY DEMAND

79. Plaintiff demand a trial by jury for all claims stated herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

a) Demand a jury trial on these issues to determine liability;

b) Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs and usages set forth herein;

c) A judgment that the practices complained of herein are unlawful and in violation of the FLSA and NYLL;

d) An award to the Plaintiff for the amount of unpaid wages, including interest thereon, and penalties subject to proof;

e) An award of liquidate damages pursuant to the FLSA and NYLL and any other applicable statutes, rules, or regulations, including the rules or regulations of the New York Commissioner of Labor;

f) All damages which Plaintiff sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits he would have received but for Defendants' improper pay practices;

g) An award to Plaintiff of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

h) An award of punitive/liquidated damages for Defendants' intentional conduct;

i) Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

j) Post-judgment interest, as provided by law; and

k) Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated:      New Hyde Park, NY
            March 4, 2020

                                        Respectfully Submitted,

                                        **Valletti & Associates, LLC**
                                        Attorneys for Plaintiff
                                        611 Wayne Avenue, Suite 2
                                        New Hyde Park, NY 11040
                                        P: (516) 666-0246
                                        F: (516) 758-1117

                                        BY:   /s/ Robert P. Valletti
                                              Robert P. Valletti (RV-1847)