USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 03/08/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESUS FLORES GALLOSO,

                Plaintiff,

      v.

3821 FOOD CORP., et al.,

                Defendants.

20-cv-1940 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Jesus Flores Galloso brings this action against 3821 Food Corp., d/b/a Super Foodtown of Washington Heights, raising claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").[1] After engaging in arms-length negotiation through the Southern District of New York's mediation program, the parties reached an agreement to resolve this litigation. *See* Dkt. 22-1 ("the Agreement"). Before the Court is the parties' motion for approval of the Agreement. *See* Dkt. 22 ("Motion").

    District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015). In doing so, courts must evaluate the totality of circumstances including "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of

---

[1] The complaint also named as defendants 3821 Broadway LLC, 3821 Broadway Café LLC, and Tasa Wholley. Plaintiff asserts that those defendants were "improperly named in this action and all claims against them shall be withdrawn." Motion at 1. The settlement agreement now before the Court for approval is between Plaintiff and Defendant 3821 Food Corp.

fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation omitted).

For the following reasons, the parties' settlement agreement is approved.

**A. The Settlement Amount**

Having reviewed the parties' proposed Agreement and the letter in support of their motion for settlement approval, the Court finds that the settlement amount is fair and reasonable. Under the proposed Agreement, Defendant has agreed to pay Plaintiff a total of $25,000, one third of which ($8,333.33) is reserved for attorney's fees. The parties note that the possible ranges of recovery are difficult to discern, in light of the parties' substantive disagreement over the underlying facts. In particular, Plaintiff estimates that his range of possible recovery extends to $55,000, but notes that a recovery of that amount would depend on his ability to corroborate the disputed claim that he was required to work off-the-clock after punching out. Dkt. 22 at 2. Such corroboration might prove difficult in light of the records maintained by Defendant and the fact that the Defendant's witnesses would testify in opposition to Plaintiff's assertions. Considering the "legal and evidentiary challenges that would face the plaintiff[] in the absence of a settlement," *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y, 2016), and the resulting "uncertainty of recovering any damages if the litigation continues," *Wiles v. Logan Staffing Sols., Inc.*, No. 18-CV-9953 (RA), 2020 WL 996735, at *1 (S.D.N.Y. Mar. 2, 2020), the Court finds the settlement amount to be reasonable.

**B. Attorney's Fees**

The Court has also reviewed Plaintiff's counsel's contemporaneous time records and approves the proposed attorney's fees. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). Here, the proposed attorney's fees and costs are $8,333.33, i.e.,

one third of the total settlement amount. *See* Motion at 2. When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). As such, the Court concludes that these proposed attorney's fees are reasonable as a fair percentage of the net award.

### C. Release Provisions

The Court next finds that the release of claims provided for in the Agreement is sufficiently limited in scope. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

Here, Plaintiff has agreed to release Defendant "from all claims that were asserted in this Action, including all claims relating to alleged unpaid wages and compensation with respect to Plaintiff's employment at Defendant, as well as any and all claims which could have been asserted under the [FLSA] and [NYLL]." Agreement at 4. This release of claims is limited to the wage-and-hour issues asserted in this action or related claims that could have been asserted. Similar releases are routinely approved. *See Sanders v. CJS Sols. Grp., LLC*, No. 17 CIV. 3809 (ER), 2018 WL 1116017, at *2 (S.D.N.Y. Feb. 28, 2018) (release of claims "that were or could have been asserted" in the action "[fell] well within the scope of permissible releases

3

under *Cheeks*"); *Dominguez v. Architectural Sign Grp.*, No. 18-CV-5514 (KAM), 2019 WL 5257894, at *4 (E.D.N.Y. Oct. 17, 2019) (approving a settlement agreement with "releases . . . limited to wage and hour claims that were asserted or could have been asserted by plaintiff in this action and at any time prior to the date of the Settlement Agreement."). The release provisions are accordingly approved.

Finally, the Agreement does not contain any provisions regarding confidentiality or non-disparagement, which courts must carefully scrutinize to ensure that the agreement comports with the broad remedial goals of the FLSA. *See Nights of Cabiria*, 96 F. Supp. 3d at 176; *Lazaro-Garcia*, 2015 WL 9162701, at *3.

## CONCLUSION

For the reasons stated above, the Court approves the Agreement and dismisses this action with prejudice in accordance with the Settlement Agreement. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 22 and to close this case.

SO ORDERED.

Dated:   March 8, 2021
         New York, New York

                                                    _____
                                                    Ronnie Abrams
                                                    United States District Judge